B. S. HERRING v. WILLIAM WALL AND WIFE.

(Filed 9 October, 1918.)

**Appeal and Error — Verdict — Judgment — Landlord and Tenant—Leases—Counterclaim.**

Where the leased building was not completed or ready for occupancy at the time stated in the contract, and in the lessor's action to recover the rent the lessee alleges as a counterclaim that he had been obliged to rent another building at the same rental price, and had paid under protest the rent to the plaintiff during that period, a verdict of the jury, upon the evidence and under proper instructions, allowing both the demand and the counterclaim, renders immaterial and irrelevant the answer to an issue as to the payment under protest, ratification, etc., and a just verdict and judgment thereon having been established, they will not be disturbed on appeal.

APPEAL by plaintiff from *Kerr, J.,* at May Term, 1918, of WILSON.

This action began in the justice's court to recover $150 rent for April, May, and June, 1917. There were no written pleadings, and there is no

real controversy about the facts, which are, that the plaintiff leased to the defendant a building for ten years, beginning 1 January, 1917. The building was not ready for occupation till after 1 April, but the defendant sent checks for each of the three months till 1 April—$50 per month—stating that he did so under protest. He paid rather than run the risk of having the lease canceled, so he testifies. In the meantime he rented another building, which he used, for which he paid the same rent, and he pleads this as a counterclaim.

*H. G. Connor, Jr., for plaintiff.*
*W. A. Finch and J. Crawford Biggs for defendants.*

PER CURIAM. It is immaterial whether the plaintiff recover back the $150 because paid under protest, or whether he should ratify such payment and recover the $150 which he had to pay for another building as a counterclaim. The result is the same.

The case was evidently tried on the latter theory, for the first and third issues are:

1. Are the defendants indebted to the plaintiff, and if so, in what amount? Answer: Yes, $150.

2. Were the payments of rent for the months of January, February, and March, 1917, made by defendants to the plaintiff voluntarily? Answer: No.

3. Is the plaintiff indebted to the defendant upon his counterclaim? If so, in what amount? Answer: Yes, $150.

These issues disposed of the controversy. The second issue was irrelevant and immaterial.

The case on appeal states: "The court fully explained to the jury both the plaintiff's and defendants' contentions as to the defendants' counterclaim, and that the burden upon the third issue was upon the defendants to establish their contentions by the greater weight of the evidence, and fully and correctly explained to the jury the defendants' measure of damages, and if they answered the second issue 'No,' they should answer the third issue such amount as they find the defendants entitled to recover under the court's charge, bearing upon damages, heretofore given."

It is a matter of no importance whether the plaintiff was barred of recovery on the counterclaim for the $150 he had paid for the use of another building while kept out of the one he had leased, or whether defendant recovered back the $150 he had paid for the building he had not had. The case was evidently tried upon the theory of a counterclaim, according to the first and third issues, and the second issue was immaterial.

The defendants should not be put to the expense and annoyance of

44—176

another trial, when the justice of the case has already been attained by the verdict and judgment, whose effect is that the plaintiff shall not have rent for the three months during which he failed to furnish the defendant the building. The plaintiff was certainly responsible to the defendants to the extent of the three months rent of the building which he did not furnish, as damages, by way of counterclaim. The result is just and right, and should stand.

No error.